**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| GARY WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00039-TWP-MPB |
| ) | |
| CITY OF EVANSVILLE, OFFICER JONATHAN ) | |
| OAKLEY, in his individual and official capacities, ) | |
| and OFFICER BRYAN UNDERWOOD, in his ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION TO COMPEL PRODUCTION AND MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on *pro se* Plaintiff Gary Wilson's ("Wilson") Motion Requesting Order to Compel Production, (Filing No. 69), and Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), (Filing No. 70). On February 7, 2018 the Court granted the Motion for Summary Judgment, (Filing No. 49), filed by Defendants, City of Evansville, Officer Jonathan Oakley ("Oakley"), and Officer Bryan Underwood ("Underwood") (collectively, "Defendants"). Thereafter, Wilson filed a Notice of Appeal (Filing No. 54). Defendants respond that because Wilson's appeal is pending, the trial court no longer has jurisdiction to rule on the merits of Wilson's present motions. For the reasons stated below, the Court determines that it lacks jurisdiction to hear these matters and **denies** the pending motions.

### I. FACTUAL BACKGROUND

Following his arrest, for possession of methamphetamine and maintaining a common nuisance, Wilson filed this action asserting a violation of his Fourth Amendment rights under 42 U.S.C. § 1983 due to excessive force, and state law claims of assault, battery, negligence, and

intentional and negligent infliction of emotional distress. ([Filing No. 1-3](#).) The Defendants filed, and the Court granted, their motion for summary judgment finding that reasonable force was used against Wilson to effectuate an arrest, qualified immunity protects Underwood and Oakley, and the Indiana Tort Claims Act bars Wilson's state law claims. Wilson sought reconsideration of that ruling, and on March 12, 2018 filed a Motion for Reconsideration which was denied. ([Filing No. 53](#) and [Filing No. 58](#).) On the same date that he filed his Motion for Reconsideration, Wilson also filed a Notice of Appeal. ([Filing No. 54](#).) His appeal is currently pending under USCA No. 18-1561. In his Motion to Compel, Wilson asks the court to re-open discovery and enter an order compelling the Defendants to produce a body camera video that Underwood viewed in preparation for his deposition testimony taken on February 17, 2017. The Motion for Relief from Judgment merely asks the Court to re-examine the prior ruling.

## II. LEGAL STANDARD

Rule 60(b) authorizes a court to grant relief from a judgment on six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy that is to be granted only in exceptional circumstances," and motions "'must be shaped to the specific grounds for modification or reversal found in 60(b) -- they cannot be general pleas for relief.'" *Forrest v. Corr. Corp. of Am.*, No. 1:05-cv-1797-SEB-JMS, 2008 U.S. Dist. LEXIS 24286 (S.D. Ind. Mar. 26, 2008) (citing *Talano*, 273 F.3d at 762 and quoting *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995) and *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)).

## III. **DISCUSSION**

District courts lose jurisdiction over most motions on the filing of a notice of appeal. *See Berman v. United States,* 302 U.S. 211 at 214, (1937); *United States v. Kerley,* 838 F.2d 932, (7th Cir. Jan. 28, 1988); *but see*, *United States v. Cronic,* 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051, n. 42, 80 L.Ed.2d 657 (1984) (while an appeal is pending the district court may deny, but not grant, motions for relief from judgment); *In re Jones,* 768 F.2d 923, 930–31 (7th Cir.1985) (concurring opinion) (questioning whether the district court retains even enough jurisdiction to issue an opinion explaining its actions, once an appeal has been filed). Someone must be in charge of a case; simultaneous proceedings in multiple forums create confusion and duplication of effort; the notice of appeal and the mandate after its resolution avoid these by allocating control between forums. *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989).

An important limitation on the rule that just one court at a time possesses jurisdiction is that the doctrine applies only to "those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). For example, a district court may award attorneys' fees while the merits are on appeal (*Terket v. Lund,* 623 F.2d 29, 33–34 (7th Cir.1980)), and may consider whether to grant permanent injunctive relief while an appeal from a preliminary injunction is pending (*Chrysler Motors Corp. v. International Workers Union,* 909 F.2d 248, 250 (7th Cir. 1990)). A district court may also address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause. *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.,* 935 F.2d 114, 119–20 (7th Cir.1991); *Wilson v. O'Leary,* 895 F.2d 378, 382 (7th Cir.1990).

In his Motion to Compel, Wilson asks the trial court to reopen discovery and order the Defendants to produce a copy of any and all body camera surveillance from his arrest on April 18,

2014. ([Filing No. 73 at 11](#).) Wilson alleges a discrepancy in Oakley's testimony and alleges the officer suppressed or concealed video from his video camera. *Id*. at 9. As an initial matter, the Court notes that the discovery deadline in this case expired on July 17, 2017. Although Wilson is currently proceeding *pro se*, he was represented by counsel from the time that his case was filed until March 8, 2018, which is after the summary judgment ruling was issued. The record reflects that Wilson's counsel sought and conducted discovery, including the deposition of Oakley discussing the body camera video that was reviewed in preparation for his deposition. (*See* [Filing No. 44-2](#).) Wilson's request to reopen discovery and compel production is not an ancillary matter, rather it is an aspect of the case involved in the appeal. Accordingly, the district court lacks jurisdiction to grant the requested relief.

Likewise, the Court lacks jurisdiction to rule on Wilson's 60(b) motion. In his motion, Wilson argues that the Court erred in finding Defendants are entitled to immunity and rehashes the arguments made in the motion for summary judgment. The order granting summary judgment ([Filing No. 49](#)), is a final appealable order, as is the denial of Wilson's motion to reconsider ([Filing No. 68](#)), which was filed simultaneous to the Notice of Appeal. The district court is no longer the proper forum to file the instant motions. Wilson may raise any errors by the Court in his pending appeal.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court determines that it lacks jurisdiction to grant Wilson's motions. Accordingly, Wilson's Motion Requesting Order to Compel Production, ([Filing No. 69](#)), and Motion for Relief from Judgment pursuant to Federal R. Civ. Proc. 60(b), ([Filing No. 70](#)), are **DENIED**.

**SO ORDERED.**

Date: 7/30/2018

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gary Wilson, #994822
INDIANA DEPARTMENT OF CORRECTION
Short Term Offender Facility
501 West Main Street
Plainfield, Indiana  46168

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com